*NOT FOR PUBLICATION*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN HIGHLAND, | |
| Plaintiff, | Civil Action No. 15-1369 (PGS) |
| v. | OPINION |
| NEW JERSEY DEP'T OF CORR, et al., | |
| Defendants. | |

**SHERIDAN**, District Judge

Plaintiff John Highland ("Plaintiff"), a prisoner currently confined at the Adult Correction Center in New Brunswick, New Jersey, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed at this time.

## I. BACKGROUND

The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

The "Statement of Claims" section of Plaintiff's Complaint reads as follows:

> I was sentence [sic] to 364 days by Judge Pinkus to 364 days [sic] to be served at the Middlesex County Jail 4-9-2014. Therefore New Jersey Department of Correction had no right to take me into any form of custody. Stephen Jones conspired to detain me illegally with 8-5-2014 the New Jersey State Parole Board and the New Jersey Department of Corrections. In wich [sic] I suffered mental and sexual abuse by state inmates.

(Compl. ¶ 7, ECF No. 1.) Plaintiff provides further information, alleging that on May 13, 2014, he was paroled from Middlesex County Jail to a halfway house with state inmates. (Compl. ¶ 4.) Plaintiff wants the State of New Jersey to compensate him for "being kidnapped, mentally abused and sexually abused by state inmates while being confined with state inmates." (*Id.* at ¶ 7.) He is seeking 100 million dollars. (*Id.*)

## II.   DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B), 1915A because Plaintiff is a prisoner proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

2

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## B. Analysis

To the best the Court can discern, it appear that Plaintiff is alleging a claim for deprivation of liberty without due process, under the Fourteenth Amendment, based on his confinement in a halfway house with state inmates. A liberty interest protected by the Due Process Clause may arise from either of two sources; the Due Process Clause itself or enacted law. *See Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Asquith v. Dep't of Corr.*, 186 F.3d 407, 409 (3d Cir. 1999). With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), quoted in *Hewitt*, 459 U.S. at 468 and *Sandin v. Conner*, 515 U.S. 472, 480, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

It is well established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 245-46, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Hewitt, 459 U.S. at 466-67; *Meachum v. Fano*, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Montanye*, 427 U.S. at 242. *See also Wilson v. Johnson*, 805 F.2d 394, 1986 WL 18052 (4th Cir. 1986) (prisoner has no constitutional right to a change of his custodial location by reason of the Interstate Corrections Compact). Governments, however, may confer on prisoners liberty interests that are protected by the Due Process Clause. "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected

4

manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (finding that disciplinary segregation conditions which effectively mirrored those of administrative segregation and protective custody were not "atypical and significant hardships" in which a state conceivably might create liberty interest).

New Jersey law provides that, when a person is sentenced to imprisonment for a term of less than one year, the court shall commit him either to the common jail of the county, the county workhouse, or the county penitentiary for the term of the sentence. N.J.S.A. 2C: 43-10(c). This provision, however, does not create a liberty interest in prisoners serving short sentences in county jails rather than state prison. To the contrary, this provision is directory in nature, setting forth the responsibilities of government officials. *See State v. Rosenberg*, 188 A.2d 635 (N.J. Super. Ct. App.Div. 1963) (construing predecessor N.J.S. 2A:164-18); *Green v. Rizzo*, 2006 WL 1582070 (D.N.J. June 5, 2006) (New Jersey law does not create a liberty interest in confinement in county jail rather than state prison); *Hunter v. Ortiz*, 125 F. App'x 241 (10th Cir. 2005) (no liberty interest in confinement in state prison rather than county jail); *McGee v. Texas Dep't of Criminal Justice*, 95 F.3d 55 (5th Cir. 1996) (no liberty interest in confinement in county jail rather than state prison). None of the facts alleged in the Complaint suggest that the confinement Plaintiff experienced in the halfway house rose to the level of an "atypical and significant hardship." He merely alleges that he was "kidnapped" and improperly held with state prisoners. There is no indication that the restrictions on Plaintiff while in the halfway house were in any way more restrictive than those he faced while in county jail. This claim must be dismissed.

With regard to his statement that he suffered from "sexual abuse" by state inmates, the Court construes such an allegation as an attempt to assert a failure-to-protect claim. (Compl. ¶

5

6.) Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including personal safety. *Farmer v. Brennan*, 511 U .S. 825, 832 (1994). Prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal quotations omitted). "Being violently assaulted in prison is simply 'not a part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). However, negligence, or a lack of due care under the circumstances, is insufficient to support a cognizable failure to protect claim under § 1983. *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). In order to state a viable claim for a failure to protect a prisoner from harm, Plaintiff must show that he faced a pervasive risk of harm from other prisoners or guards and that the prison officials displayed deliberate indifference to this danger. *See Riley v. Jeffes*, 777 F.2d 143, 147 (3d Cir. 1985). Plaintiff must first satisfy an objective requirement under the aforesaid standard by showing that he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Plaintiff must then satisfy a subjective element and show that a prison official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

An inmate is not required to give advance notice to officials of the risk of harm, and actual knowledge of the risk can be inferred from circumstantial evidence of the obviousness of the risk. *Id.* In addition, "[a] pervasive risk of harm may not ordinarily be shown by pointing to a single

6

incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." *Riley*, 777 F.2d at 147 (citation omitted). *See also Ingalls v. Florio*, 968 F.Supp. 193, 199 (D.N.J. 1997). A prison official or corrections officer, when faced with the knowledge of a substantial risk of serious harm to a prisoner, must take "reasonable measures to abate it" or his inaction will constitute deliberate indifference to that risk. *Farmer*, 511 U.S. at 847. *See also Alford v. Owen*, No. 03-795, 2005 WL 2033685, at *6 (D.N.J. Aug. 23, 2005).

Here, Plaintiff has not alleged anything more than the fact that he suffered sexual abuse by state inmates. He does not provide any other information with regard to this claim which would allow the Court to properly screen it. Therefore, the Court will dismiss Plaintiff's failure-to-protect claim without prejudice.

## III. CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[2] An appropriate order follows.

Dated:

                                                 /s/ Peter G. Sheridan
                                                 Peter G. Sheridan, U.S.D.J.

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and Acannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint].@ 6 Wright, Miller & Kane, *Federal Practice and Procedure* ' 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*