**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN HIGHLAND, | Civil Action No. 15-1369 (PGS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| NEW JERSEY DEP'T OF CORR., et al., | |
| Defendants. | |

SHERIDAN, DISTRICT JUDGE

THIS CIVIL ACTION, filed pursuant to 42 U.S.C. § 1983, was previously dismissed on April 29, 2015 for failure to state a claim (ECF Nos. 4-5); Plaintiff thereafter filed an "Amended Complaint" (ECF No. 7); and

THE COURT FINDING that in his original Complaint, Plaintiff alleged that his due process rights were violated when he was confined with state prisoners in a state facility instead of in a county jail (Compl. ¶ 7, ECF No. 1); the Court dismissed said claim because a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement, *see, e.g., Ohm v. Wakinekona*, 461 U.S. 238, 245-46 (1983); Plaintiff also appeared to allege a failure to protect claim based on prison officials failure to prevent a sexual assault against Plaintiff by other inmates (Compl. ¶ 7); the Court dismissed that claim because Plaintiff provided no facts; and

THE COURT FURTHER FINDING that in his "Amended Complaint," Plaintiff simply re-iterates the same arguments, stating that he should have been sent to a county facility because he only received a sentence of 364 days (Am. Compl. 1, ECF No. 7); however, for the reasons

stated by this Court in its previous Opinion, that claim is without merit and will once again be dismissed; and

THE COURT FURTHER FINDING that before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant leave to amend the complaint unless amendment would be futile, *see Grayson v. Mayview State Hosp.*, 293 F.3d 03, 114 (3d Cir. 2002); here, it is clear that granting leave to amend would be futile because the only allegations Plaintiff has raised in his Amended Complaint would clearly fail to state a constitutional claim under any circumstances; an appropriate order follows.

Dated: 8/31/15

_____
Peter G. Sheridan, U.S.D.J.